[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
Kendrick Bell, a juvenile, brings this appeal from the order of the Hamilton County Juvenile Court, entered October 8, 1999 committing him to the Ohio Department of Youth Services for a minimum period of six months and a maximum period not to exceed his attainment of the age of twenty one years, as a consequence of his commission of a violation of R.C. 2907.05, a felony of the fourth degree.
Bell, through counsel other than the one who represented him upon the hearings in the juvenile court, asserts these assignments of error:
 1. The trial court erred to the prejudice of the juvenile in finding him delinquent for the offense of gross sexual imposition in that there was insufficient evidence adduced at trial to establish each and every element of the offense.
 2. The trial court erred to the prejudice of the juvenile in that it rendered a verdict against the juvenile which was manifestly against the weight of the evidence.
Bell was adjudicated to be a delinquent child on April 30, 1999, after an evidentiary hearing before a magistrate of the court. The prosecution adduced testimony that in mid-afternoon on March 30, 1999, Bell, who was then fifteen, went to the home of a fourteen-year-old female acquaintance. She was alone in one part of the home, while two construction workers were elsewhere on the premises. According to the girl, Bell forced his attentions upon her by kissing her, fondling her breasts, and attempting to place her hand down the front of his trousers. On April 7, 1999, a report of the incident was made to police authorities, and, ultimately, Bell was arrested and charged with gross sexual imposition.
On May 11, 1999, Bell filed his objection to the finding of delinquency made by the magistrate on the ground that the decision was against the manifest weight of the evidence. On June 18, 1999, the court held that the magistrate's decision was in accordance with the evidence and the law, and adopted it as the judgment of the court.
To prove the violation of R.C. 2907.05, the prosecution had to establish, beyond a reasonable doubt, that Bell had used force to accomplish sexual contact with the fourteen-year-old female or had used force to compel her to have sexual contact with him. R.C.2907.01 (B) defines sexual contact in the following manner:
 [A]ny touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person.
 For the purposes of R.C. 2907.05, whether touching was undertaken for the purpose of sexual arousal or gratification may be inferred from the type, nature and circumstances surrounding the contacts. State v. Mundy (1994), 99 Ohio App.3d 275, 650 N.E.2d 502, discretionary appeal not allowed (1995), 72 Ohio St.3d 1420, 648 N.E.2d 513.
Bell elected not to testify or to proffer other evidence, his counsel instead relying on aggressive cross-examination of the alleged victim, especially, to attack the credibility of the case against Bell.
The record convinces us that the first assignment is without merit, and we overrule it on the authority of State v.Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541; State v.Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492; State v. Eley
(1978), 56 Ohio St.2d 169, 383 N.E.2d 132.
The second assignment is overruled on the authority ofState v. Thompkins, supra, and State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus.
Therefore, the judgment of the trial court is affirmed.
 ______________________________ GORMAN, PRESIDING JUDGE
 SUNDERMANN and SHANNON, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.